**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Rene Jesus De Los Reyes-Padilla,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-05544-PHX-KML

**ORDER**

This court previously granted an immigration habeas petition filed by petitioner Rene Jesus De Los Reyes-Padilla, ordering that he be given a bond hearing. *See Reyes Padilla v. Blanche et al.*, 2:26-cv-04482-PHX-KML, Doc. 10 (D. Ariz. July 8, 2026). After the immigration judge ("IJ") denied bond, Reyes-Padilla filed a second petition arguing his continued detention violates the Fifth Amendment. (Doc. 1.) Respondents filed a response invoking Reyes-Padilla's failure to exhaust administrative remedies by appealing to the Board of Immigration Appeals ("BIA") and arguing this court lacks jurisdiction to the extent Reyes-Padilla challenges the IJ's discretionary weighing of the bond factors. (Doc. 6 at 2.) Reyes-Padilla's reply focuses on the alleged illegality of his continued detention after the bond denial. (Doc. 7 at 2-7.) Because Reyes-Padilla has not met his burden of showing he is entitled to a writ of habeas corpus, the petition is denied. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In . . . federal habeas proceedings, it is the petitioner who bears the burden of proving his case.").

First, a bond hearing is the appropriate remedy for the only constitutional violations

Reyes-Padilla alleges. *See Padilla v. United States Immigr. & Customs Enf't*, --- F.4th -----, 2026 WL 2822044, at *18 (9th Cir. 2026) (describing the "long history" of substantive due process limitations on the government's ability to detain people, including "the widespread availability of bail" and "judicial review of the legality of confinement"). He acknowledges he has received such a hearing. (Doc. 1 at 7.) To the extent Reyes-Padilla asks this court to reweigh evidence bearing on flight and danger, it cannot do so. *See Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (in the context of a dangerousness determination, federal courts "cannot reweigh evidence" and "can only determine whether the [immigration court] applied the correct legal standard") (simplified).

Second, even if this court could review the IJ's bond denial on the grounds Reyes-Padilla raises, it would decline to do so because of his failure to appeal the denial to the BIA. As a prudential matter, courts require § 2241 petitioners to exhaust available administrative remedies. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011); *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). When a petitioner has not appealed an IJ's bond decision to the BIA, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160; see 8 C.F.R. §§ 236.1(d)(3), 1003.19(f). Requiring exhaustion here serves each purpose *Puga* identified: the BIA could have developed a record of the IJ's reasoning, excusing exhaustion would reward Reyes-Padilla's deliberate bypass of the BIA, and the BIA could have corrected any error by ordering release on bond. *See* 488 F.3d at 815. Reyes-Padilla has not shown exhaustion should be excused. *See Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

/

/

/

/

/

Accordingly,

**IT IS ORDERED** the petition for writ of habeas corpus (Doc. 1) is denied.

**IT IS FURTHER ORDERED** that any remaining pending motions are denied as moot. The clerk of court shall enter judgment accordingly and close this case.

Dated this 27th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**